# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Lamar Ferguson,** | Case No. 17-cv-01110 (PJS/TNL) |
| **Plaintiff,** | |
| vs. | **ANSWER** |
| **Robert Thunder, in his individual capacity, Tou Thao, in his individual capacity, and the City of Minneapolis,** | |
| **Defendants.** | |

TO: Plaintiff and his attorneys, Patrick R. Burns, Burns Law Firm PLLC, 1624 Harmon Place, Suite 300, Minneapolis, MN 55403 and Seth Leventhal, Leventhal PLLC, 527 Marquette Ave. S., Suite 2100, Minneapolis, MN 55402.

Defendants Robert Thunder, Tou Thao and the City of Minneapolis ("Defendants") for their Answer to the Complaint, state and allege as follows:

Defendants deny each and every allegation in the Complaint except as expressly admitted, qualified, or otherwise answered.

## **PARTIES & JURISDICTION**

1. This is an action for money damages for injuries sustained by then 26-year old Lamar Ferguson as a result of violations of his constitutional rights by Minneapolis Police Officers, Robert Thunder and Tou Thao, on-duty Minneapolis police officers. Defendant Thunder and Defendant Thao's use of unreasonable force on Plaintiff, in the form of punches, kicks, and knees to the face and body while Plaintiff was defenseless and handcuffed, was so extreme that it caused Plaintiff to suffer broken teeth as well as other bruising and trauma.

**ANSWER:** Admit the nature of the action, otherwise deny.

2. Defendants' conduct in assaulting Plaintiff on October 7, 2014 violated Plaintiff's well-settled federal civil rights to be free from unreasonable force and false arrest, all while acting under color of state law.

**ANSWER: Deny.**

3. Defendants were acting within the course and scope of their employment with the City of Minneapolis when they violated Plaintiff's constitutional rights on October 7, 2014.

**ANSWER: Admit that Defendants Thunder and Thao acted in the scope of their employment with the City of Minneapolis in their interaction with Plaintiff on October 7, 2014, otherwise deny.**

## JURISDICTION AND VENUE

4. Plaintiff brings this action under 42 U.S.C. §§ 1983 and 1988 and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

**ANSWER: Admit the claimed nature of the lawsuit, but deny that Plaintiff has a legitimate claim under the law.**

5. At the time of the use of unreasonable force which is the subject matter of this Complaint, Plaintiff resided and presently resides in Minneapolis, Hennepin County, in the state of Minnesota.

**ANSWER: Deny use of unreasonable force. Defendants lack knowledge or information sufficient to form a belief about the truth of remaining allegations and so deny.**

6. On information and belief, Defendant Robert Thunder was, at all times material herein, a citizen of the United States and a resident of the state of Minnesota, duly appointed and acting as an officer of the Minneapolis Police Department.

**ANSWER: Admit.**

7. Mr. Thunder is sued in his individual capacity.

**ANSWER: Admit the claimed nature of the lawsuit, but deny that Plaintiff has a legitimate claim under the law.**

8. On information and belief, Defendant Tou Thao was, at all times material herein, a citizen of the United States and a resident of the state of Minnesota, duly appointed and acting as an officer of the Minneapolis Police Department.

**ANSWER: Admit.**

9. Mr. Thao is sued in his individual capacity.

**ANSWER: Admit the claimed nature of the lawsuit, but deny that Plaintiff has a legitimate claim under the law.**

10. The City of Minneapolis is a municipality incorporated under the laws of the State of Minnesota.

**ANSWER: Admit.**

11. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343(a)(3), which confer this Court with original jurisdiction in this matter.

**ANSWER: Admit jurisdiction is proper under the claimed nature of the lawsuit, but deny that Plaintiff has a legitimate claim under the law.**

12. Plaintiff also requests declaratory and injunctive relief. He also seeks compensatory and punitive damages permitted by law, as well as statutory attorney's fees and expenses.

**ANSWER: Admit the claimed nature of the lawsuit, but deny that Plaintiff has a legitimate claim under the law.**

13. Plaintiff demands a jury trial as to all issues of fact herein.

**ANSWER: Admit. Defendants also demand jury trial as to all triable issues.**

## FACTUAL BACKGROUND

14. In the early morning of October 7, 2014, Plaintiff Ferguson was walking home with his girlfriend, Brittany Peterson, after the two had been at the hospital for issues related to Ms. Peterson's pregnancy. She was about 8 months pregnant at the time.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and so deny.**

15. Plaintiff and Ms. Peterson had taken a taxi from the hospital to Plaintiff's grandmother's house, who had asked Plaintiff for help taking out her garbage. The two were walking to Ms. Peterson's home, a block-and-a-half away, after having attended to Plaintiff's task for his grandmother.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and so deny.**

16. A car approached Plaintiff and Ms. Peterson in the alley, causing Ms. Peterson some concern. She kept walking and Plaintiff was left by himself as the car pulled up.

**ANSWER: Admit Officers Thunder and Thao approached Plaintiff in an alley by car. Deny that anyone was present with Plaintiff. Defendants lack knowledge or information sufficient to form a belief about the truth of allegations regarding Ms. Peterson's state of mind or actions, and any remaining allegations in this paragraph, and so deny.**

17. It was a Minneapolis police car and in it were the Defendant Officers Thunder and Thao.

**ANSWER: Admit Officers Thunder and Thao approached Plaintiff in an alley in a police car. As to remaining implied allegations from Paragraph 16, Defendants refer to their response to Paragraph 16.**

18. The Officers exited the car.

**ANSWER: Admit that Officer Thao exited the car on stopping Plaintiff. Otherwise deny.**

19. The Officers had no reasonable suspicion to stop Plaintiff.

**ANSWER: Deny.**

20. The Officers had no probable cause to believe that Plaintiff committed a crime.

**ANSWER: Deny.**

21. Officer Thao asked Plaintiff to put his hands on the hood of the car.

**ANSWER: Admit that this occurred. Deny any implied allegation that it occurred immediately after the stop.**

5

22. Officer Thao then put Plaintiff in handcuffs, behind Plaintiff's back, and took Plaintiff's wallet with identification out of Plaintiff's pocket.

**ANSWER: Admit.**

23. Officer Thao gave Plaintiff's I.D. to Officer Thunder.

**ANSWER: Admit.**

24. Officer Thunder re-entered the squad car and purported to run Plaintiff's ID through the National Crime Information Center ("NCIC") in the squad car.

**ANSWER: Deny that Officer Thunder had exited the squad car. Deny any implied allegation that Officer Thunder failed to run Plaintiff's ID through the National Crime Information Center.**

25. On information and belief, no warrant showed up for Plaintiff when Officer Thunder ran the ID through NCIC.

**ANSWER: Deny.**

26. Nevertheless, Officer Thunder exited the squad car and, on information and belief, falsely stated that there was a warrant out for Plaintiff's arrest.

**ANSWER: Admit that Officer Thunder exited the squad car and stated that there was a warrant for Plaintiff's arrest. Deny that the statement was false.**

27. Officer Thunder, noting Plaintiff's last name, began questioning Plaintiff about a previous incident involving people that Officer Thunder believed were Plaintiff's family members.

**ANSWER: Deny.**

28. Plaintiff said he had no information to tell the officers.

**ANSWER:** Deny that Plaintiff said these words. Admit that Plaintiff generally refused to provide information to the officers.

29. Officer Thunder grabbed and pulled Plaintiff's right arm towards him.

**ANSWER: Deny. Affirmatively allege that Plaintiff attempted to escape and freed one hand from handcuffs, and that Officer Thunder grabbed and pulled the open end of the handcuffs to attempt to restrain Plaintiff.**

30. Officer Thao was holding onto Plaintiff's left arm at the time.

**ANSWER: Admit that Officer Thao was holding onto Plaintiff's left arm. Affirmatively allege that this was taking place when Plaintiff attempted to flee.**

31. Officer Thao then threw Plaintiff, handcuffed, to the ground, and began hitting him.

**ANSWER: Admit that there was a physical altercation involving Officer Thao and the Plaintiff. Deny that Plaintiff was fully handcuffed. Deny any implied allegation that Plaintiff did not initiate or was not mutually engaged in the altercation. Affirmatively allege that Plaintiff had slipped out of one of the handcuffs and engaged in a physical altercation with the officers.**

32. Plaintiff was not resisting arrest; he was merely being pulled in two different directions at the same time by both Officers.

**ANSWER: Deny.**

33. Plaintiff was unarmed.

**ANSWER: Admit that Plaintiff was unarmed when stopped. Affirmatively allege that open end of handcuff may be used as a weapon.**

34. Plaintiff made no sudden moves.

**ANSWER: Deny.**

35. Plaintiff was lying face down on the ground.

**ANSWER: Admit that, during the altercation, Plaintiff ended up face-down on the ground.**

36. The Officers' use of force was excessive.

**ANSWER: Deny.**

37. Plaintiff shouted out for help, as evidenced by a 911 call placed by a nearby resident who heard Plaintiff.

**ANSWER: Admit that Plaintiff shouted during the altercation, and that a 911 call was placed. Affirmatively allege that the 911 call speaks for itself.**

38. Ms. Peterson also heard Plaintiff's cries for help.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and so deny.**

39. With Plaintiff, face down on the ground and hand-cuffed, Officer Thao pulled Plaintiff's head up by grabbing the back of his hooded sweatshirt.

**ANSWER: Deny that Plaintiff was still fully handcuffed. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and so deny. Affirmatively allege that there was a physical altercation resulting in Plaintiff being face down on the ground.**

40. Officer Thunder then kicked Plaintiff in the mouth, causing Plaintiff immediate and excruciating pain, suffering, dental damage, and permanent pain.

8

**ANSWER: Deny.**

41. Officers Thao and Thunder subsequently took Plaintiff to the hospital for medical care.

**ANSWER: Admit.**

42. They expressed impatience with medical staff caring for Plaintiff.

**ANSWER: Deny.**

43. Hospital staff gave Plaintiff discharge papers, including prescription pain-killers.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation and so denies.**

44. Plaintiff's hands having been cuffed behind him, Officer Thunder took Plaintiff's discharge papers from Plaintiff's hand-cuffed hands and threw them in the garbage as the officers left the hospital.

**ANSWER: Admit that Plaintiff's hands were handcuffed upon leaving the hospital, otherwise deny.**

45. Hospital staff expressed concern that Plaintiff should not leave the hospital in t-shirt and underpants, and told Officers Thao and Thunder that Plaintiff should be allowed to put on clothes.

**ANSWER: Deny.**

46. Officers Thao and Thunder rejected the hospital staff's suggestion and took Plaintiff to jail in T-shirt and underpants.

**ANSWER: Deny.**

47. Officers Thao and Thunder did not tell jail staff that Plaintiff had prescription pain-killers and Plaintiff thus suffered additional pain, suffering and indignities.

**ANSWER: Deny.**

## COUNT I: VIOLATIONS OF 42 U.S.C. § 1983
## (AGAINST DEFENDANT OFFICERS THUNDER & THAO)

48. All the foregoing paragraphs of this Complaint are incorporated herein by reference.

**ANSWER: See above responses.**

49. By the actions described above, the Defendant Officers, under color of state law, violated and deprived Plaintiff of his clearly established and well-settled civil rights to be free from excessive force and unreasonable seizure under the Fourth Amendment of the United States Constitution.

**ANSWER: Deny.**

50. The right to be free from excessive force during arrest is clearly established and that right was violated.

**ANSWER: Deny.**

51. The Defendant Officers deprived Plaintiff of these rights either maliciously or by acting with reckless disregard for whether Plaintiff's rights would be violated by their actions.

**ANSWER: Deny.**

52. The Defendant Officers' actions were also objectively unreasonable pursuant to *Graham v. Connor*, 490 U.S. 386 (1989).

**ANSWER: Deny.**

53. At the time the Defendant Officers struck Plaintiff repeatedly in the face and body, Plaintiff posed no threat to the safety of the Defendant Officers, no threat to his own safety, and no threat to any others. Plaintiff was already handcuffed in police custody, in a position which left him defenseless against Thunder′s kick to his face.

**ANSWER: Deny.**

54. Plaintiff never actively resisted arrest or attempted to evade arrest by flight.

**ANSWER: Deny.**

55. As a direct and proximate result of the Defendant Officers' actions, Plaintiff suffered serious injuries, was forced to endure pain and mental suffering, and was thereby damaged in an amount to be determined at trial by jury.

**ANSWER: Deny.**

56. Punitive damages are available against the Defendant Officers and are hereby claimed as a matter of federal common law, and therefore are not subject to the pleading standard set forth in Minn. Stat. § 549.20.

**ANSWER: Deny.**

57. Plaintiff is entitled to recovery of his costs, including reasonable attorney's fees, under 42 U.S.C. § 1988.

**ANSWER: Deny.**

**COUNT II: CONSTITUTIONAL VIOLATION:**

## 8th AMENDMENT (AGAINST ALL DEFENDANTS

58. Plaintiff realleges and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint as if set forth herein in their entirety.

**ANSWER: See above responses.**

59. The Eighth Amendment of the U.S. Constitution prohibits the federal government from imposing cruel and unusual punishment.

**ANSWER: Affirmatively allege that the U.S. Constitution speaks for itself. To the extent a response is required, admit.**

60. The Fourteenth Amendment and 42 U.S.C. § 1983 provide that the prohibitions of the Eighth Amendment apply to the state government or state actor under color of state law.

**ANSWER: Affirmatively allege that the U.S. Constitution and statutes speak for themselves. To the extent a response is required, admit.**

61. At all relevant times, Defendants were acting under color of state law.

**ANSWER: Admit.**

62. As alleged herein, denying Plaintiff his medical information, including his prescription for pain-killing medication, constituted cruel and unusual punishment as well as deliberate indifference to Plaintiff's medical needs and basic human dignity.

**ANSWER: Deny.**

63. Furthermore, as alleged herein, forcibly parading Plaintiff out of the hospital, into the public, and to jail in his underpants despite Plaintiff's reasonable request to be fully clothed, subjected Plaintiff to shame and humiliation.

**ANSWER: Deny.**

64. Forcibly parading Plaintiff despite Plaintiff's reasonable request to be fully clothed, through the hospital and to jail partially nude violated Plaintiff's basic human dignity.

**ANSWER: Deny.**

65. Defendants' conduct conflicts with the Eighth Amendment's prohibition on cruel and unusual punishment.

**ANSWER: Deny.**

66. Plaintiff is entitled to recovery of his damages for pain and suffering, for costs, and for reasonable attorney's fees, under 42 U.S.C. §§ 1983 and 1988.

**ANSWER: Deny.**

Dated: May 22, 2017

SUSAN L. SEGAL
City Attorney
By

s/ Ivan Ludmer
IVAN LUDMER
Assistant City Attorney
Attorney Reg. No. 0389498
Attorneys for Defendants
City Hall, Room 210
350 S. Fifth Street
Minneapolis, MN 55415
(612) 673-5916