# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| Lamar Ferguson,<br><br>                      Plaintiff,<br>vs.<br><br>Robert Thunder, in his individual capacity, Tou Thao, in his individual capacity, and the City of Minneapolis,<br><br>                      Defendants. | Case No. 0:17-cv-01110 (PJS/TNL) |

**STIPULATION FOR PROTECTIVE ORDER**

The parties to this action (the "Action"), through their attorneys, stipulate that:

1. Defendants will make available to the Plaintiff's attorneys, for their inspection and copying, the following documents:

    a. Minneapolis Police Department Personnel files, excluding home addresses, home telephone numbers, personal physical identification data, drivers' license numbers, personal financial data, medical and psychological data,[1] and Social Security numbers;

    b. Minneapolis Police Department Internal Affairs records;

---

[1] Defendants will make available Officer Thao's medical records regarding his medical treatment arising out of the October 7, 2014 incident that forms the basis of Plaintiff's lawsuit. By agreeing to enter into this stipulated protective order, Plaintiff reserves and expressly does not waive his right to seek by agreement or court order discovery of additional medical and psychological records of the defendant officers.

1

   c. Minneapolis Civilian Review Authority and Office of Police Conduct Review records; and

2. Plaintiff will make available to Defendants' counsel his medical records, including mental health records, through signed medical releases.

3. An Order may be entered by the above-named Court requiring the production documents on the following terms and conditions:

 a. Documents described in paragraphs 1 and 2 above shall be considered "Confidential Materials" under the terms of the Stipulation and Order, and this Stipulation and Order shall govern the examination and use of such documents. The parties may also designate other documents or portions of documents as "Confidential." Disclosure of "Confidential" documents or information is limited to "Qualified Persons" as defined in subparagraph (d) below, not including the parties themselves.

 b. Confidential Materials and information derived therefrom shall be disclosed to and used by only "Qualified Persons," as defined in subparagraph d. below. The Confidential Materials shall not be disclosed to the Plaintiff or to any other person unless and until otherwise agreed by Defendants or by the Court hearing this Action. It is expressly understood that the Plaintiff may not use Confidential Materials, or information derived from Confidential Materials, for any purpose or advantage other than this Action.

 c. If counsel for the parties wish to use or inquire about Confidential Materials or information derived therefrom at any deposition, the portion of the

deposition transcript that relates to the Confidential Materials or information derived therefrom may be designated as "Confidential," and, if so designated, the portion of the deposition transcript so designated shall be treated as Confidential Materials subject to the provisions hereof.

d. Confidential Materials (including portions of deposition transcripts that are designated as "Confidential") or information derived therefrom may be disclosed or made available by counsel for the parties only to "Qualified Persons," defined as:

i. The Court (subject to the provisions of subparagraph f);

ii. Counsel to the parties to this Action and the paralegal, clerical, secretarial staff employed by such counsel and expert witnesses and their staff retained by the parties;

iii. Court reporters employed in connection with any deposition in this Action;

iv. elected officials and management-level employees of the City of Minneapolis;[2] and,

v. Any other person who the parties agree to in writing.

---

[2] This category *does not* include the defendant officers. At this time, the parties stipulate and agree to exclude plaintiff and officers from access to confidential information. By agreeing to enter into this stipulated protective order, Plaintiff reserves and expressly does not waive his right to seek by agreement or court order access to all confidential information in this lawsuit so that he has full access to case materials and can participate fully in the prosecution of his case.

e. Confidential Materials or information derived therefrom shall not be disclosed by any Qualified Person to any other person or persons, except as provided in subparagraph g below.

f. If Confidential Materials (including portions of deposition transcripts) or information derived therefrom are to be included in any papers to be filed in the Court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the Court.

g. If a party files documents containing Confidential information with the Court, such filings shall be in compliance with the Electronic Case Filing Procedures for the District of Minnesota and the Court's governing pretrial scheduling order addressing the service and delivery of "Confidential" materials on a party opponent and the Court. The parties understand that designation by a party, including a third party, of a document as "Confidential" pursuant to this Protective Order cannot be used as the sole basis for filing the document under seal in connection with a nondispositive, dispositive or trial-related motion. Only those documents and portions of a party's submission (including those portions of affidavits, exhibits and memorandum of law) which otherwise meet the requirements of protection from public filing (e.g. a statute, rule or regulation prohibits their disclosure; they are protected under the attorney-client privilege or work product doctrine; or they meet the standards for protection articulated in F.R.C.P. Rule 26(c)(1)(G)) shall be filed under seal. If the party submitting a

document produced and designated as "Confidential" by another party in support or opposition to a motion believes that any such document should not be filed under seal, then sufficiently in advance of the submission, the party shall request the party designating the document as Confidential" to permit the document to be publicly filed, and the designating party shall respond to the request within two business days of the request (a) by indicating whether the designating party agrees or objects to the public filing of the document, and (b) for any objection, by explaining why the document meets the requirements of protection from public filing. If the party designating the document as "Confidential" objects to the public filing of any document, then the document shall be filed under seal. At the same time as it is filed, the party filing the document under seal must notify in writing the party who designated the document as "Confidential" and the Court hearing the motion for which the sealed document is being submitted of the dispute regarding the filing of the document under seal, and at the hearing these parties shall address with the Court whether the document should or should not remain sealed. The party asserting that the document should be filed under seal shall have the burden of proving that the document should remain under seal.

h. Nothing in the Stipulation and Order shall preclude a party from showing any Confidential Materials or disclosing information derived therefrom to any third party witnesses, either during a deposition or a trial, provided that:

    i.  If such disclosure is at a deposition, only Qualified Persons may be present, except for counsel for the witness;

    ii.  The actual or potential witness may not be given a copy of any Confidential Materials to take with him or her; and,

    iii.  The actual or potential witness shall be provided a copy of this Stipulation and Order and advised that it is applicable to him or her. Such actual or potential witness and his or her attorney shall be bound by subparagraph b of the Stipulation and Order requiring that Confidential Materials be held in confidence, and shall not disclose the Confidential Materials or any information derived from them to anyone who is not a Qualified Person within the meaning of this Stipulation and Order.

  4.  In the event that any Confidential Materials or information derived therefrom are used in court proceedings herein, such documents or information shall not lose their confidential status through such use.

  5.  Nothing herein shall be construed to affect in any way any party's right to object to the admissibility of any document, testimony, or other evidence at trial.

  6.  If a Party receives a subpoena or other court process that arguably calls for the production of Confidential Materials, that Party shall give the Producing Party at least ten (10) days notice before producing any such Confidential Materials.

  7.  Upon termination of this Action, counsel shall return all Confidential Materials and copies thereof to the Producing Party. No Confidential Materials, or

information derived from them, may be used for any other purpose other than for this Action.

8. The designation of any document, information, or thing as Confidential under this Order is for purposes of this Protective Order only, and shall not be used for the purpose of interpretation of other legal or substantive issues raised in this Action apart from the application of this Order. Nothing in this Protective Order shall render private documents or data that is public under Minn. Stat. Chapter 13.

9. In connection with any motion filed with this Court, only those portions of a party's submission (e.g., memorandum of law, affidavit, and exhibits) which meet the requirements for treatment of protection from public filing (e.g., because they are subject to the attorney-client privilege or work product doctrine, or meet the standards articulated by Fed. R. Civ. P. 26(c)(1)(G)), shall be filed under seal. Designation of material as Confidential or protected by any party pursuant to a protective order as the sole basis for filing the material under seal shall not satisfy this requirement.

With respect to any submission filed with the Court which is sealed and posted on ECF with a placeholder, the sealed submission shall be sent electronically or hand delivered to all parties and hand delivered to the Court contemporaneously with the documents being posted on ECF.

10. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

11. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

12. The obligations imposed by the Protective Order shall survive the termination of this Action. Within 60 days following termination, the parties shall return or destroy all Confidential materials.

13. Plaintiff's counsel shall not use information provided pursuant to this Protective Order to solicit business for themselves, or others.

| | |
|---|---|
| Dated: June 21, 2017 | Dated: June 21, 2017<br>SUSAN L. SEGAL<br>City Attorney<br><br>By /s/*Ivan Ludmer*<br>Tracey N. Fussy (#0311807)<br>Ivan Ludmer (#0389498)<br>Assistant City Attorneys<br>350 South 5th Street, Room 210<br>Minneapolis, MN  55415<br>(612) 673-2183<br>tracey.fussy@minneapolismn.gov<br>ivan.ludmer@minneapolismn.gov<br><br>*Attorneys for Defendants* |
| By /s/*Seth Leventhal*<br>Seth Leventhal (#263357)<br>Brandon Meshbesher ( #0397582)<br>LEVENTHAL pllc<br>527 Marquette Avenue South, # 2100<br>Minneapolis, MN 55402-1273<br>Telephone No.: (612) 234-7349<br>Email: seth@leventhalpllc.com<br><br>Patrick R. Burns (#0334054)<br>Burns Law Firm PLLC<br>1624 Harmon Place, Suite 300<br>Minneapolis, MN 55403<br>Email: Patrick@burns-law.mn<br>Telephone: 612-877-6400<br><br>*Counsel for Plaintiff* | |

4840-9607-5338, v. 1