UNITED STATES DISTRICT COURT
                               DISTRICT OF MINNESOTA

Lamar Ferguson,                                    Case No. 17-cv-1110 (PJS/TNL)

          Plaintiff,

v.                                                 **PROTECTIVE ORDER**

Robert Thunder, in his individual capacity,
Tou Thao, in his individual capacity, and
the City of Minneapolis,

          Defendants.

---

      This matter is before the Court on the parties' Stipulation for Protective Order. (ECF No. 11). Pursuant to Fed. R. Civ. P. 26(c), **IT IS HEREBY ORDERED** that confidential information shall be disclosed in this matter as follows:

      1.    Defendants will make available to the Plaintiff's attorneys, for their inspection and copying, the following documents:

          a.  Minneapolis Police Department Personnel files, excluding home addresses, home telephone numbers, personal physical identification data, drivers' license numbers, personal financial data, medical and psychological data,[1] and Social Security numbers;

          b.  Minneapolis Police Department Internal Affairs records; and

---

[1] Defendants will make available Officer Thao's medical records regarding his medical treatment arising out of the October 7, 2014 incident that forms the basis of Plaintiff's lawsuit. Pursuant to the parties' Stipulation, Plaintiff reserves and expressly does not waive his right to seek by agreement or Court order discovery of additional medical and psychological records of the defendant officers. (ECF No. 11, at 1 n.1).

      c. Minneapolis Civilian Review Authority and Office of Police Conduct Review records.

2. Plaintiff will make available to Defendants' counsel his medical records, including mental health records, through signed medical releases.

3. Documents shall be produced on the following terms and conditions:

      a. Documents described in paragraphs 1 and 2 above shall be considered "Confidential Materials" under the terms of this Protective Order, and this Protective Order shall govern the examination and use of such documents. The parties may also designate other documents or portions of documents as "Confidential." Disclosure of "Confidential" documents or information is limited to "Qualified Persons" as defined in paragraph 3(d) below, not including the parties themselves.

      b. Confidential Materials and information derived therefrom shall be disclosed to and used by only "Qualified Persons," as defined in paragraph 3(d). below. The Confidential Materials shall not be disclosed to the Plaintiff or to any other person unless and until otherwise agreed by Defendants or by the Court hearing this Action. It is expressly understood that the Plaintiff may not use Confidential Materials, or information derived from Confidential Materials, for any purpose or advantage other than this Action.

      c. If counsel for the parties wish to use or inquire about Confidential Materials or information derived therefrom at any deposition, the portion of the deposition transcript that relates to the Confidential Materials or

information derived therefrom may be designated as "Confidential," and, if so designated, the portion of the deposition transcript so designated shall be treated as Confidential Materials subject to the provisions hereof.

  d.  Confidential Materials (including portions of deposition transcripts that are designated as "Confidential") or information derived therefrom may be disclosed or made available by counsel for the parties only to "Qualified Persons," defined as:

    i.  The Court and its staff;

    ii.  Counsel to the parties to this Action and the paralegal, clerical, and secretarial staff employed by such counsel, and expert witnesses and their staff retained by the parties;

    iii.  Court reporters employed in connection with any deposition in this Action;

    iv.  elected officials and management-level employees of the City of Minneapolis;[2] and,

    v.  Any other person who the parties agree to in writing.

  e.  Confidential Materials or information derived therefrom shall not be disclosed by any Qualified Person to any other person or persons, except as provided in paragraph 3(f) below.

---

[2] This category *does not* include the defendant officers. The parties have agreed to exclude plaintiff and officers from access to confidential information. Plaintiff reserves and expressly does not waive his right to seek by agreement or Court order access to all confidential information in this lawsuit so that he has full access to case materials and can participate fully in the prosecution of his case. (ECF No. 11, at 3 n.2).

3

f. **The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged. No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are compelling reasons to do so. Any party seeking to file a document under seal shall specifically review each document and the information therein to limit sealing only to the extent necessary.** If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Minnesota and Local Rule 5.6. **Any joint motion made pursuant to Local Rule 5.6 before United States Magistrate Judge Tony N. Leung shall conform to Exhibit A attached hereto. Counsel shall provide the Court with two courtesy copies of the unredacted documents with the redacted information highlighted in yellow.** Prior to disclosure at trial or a hearing of materials or information designated "Confidential," the parties may seek further protections against public disclosure from the Court.

g. Nothing in the Stipulation and Order shall preclude a party from showing any Confidential Materials or disclosing information derived therefrom to any third party witnesses, either during a deposition or a trial, provided that:

i. If such disclosure is at a deposition, only Qualified Persons may be present, except for counsel for the witness;

    ii.  The actual or potential witness may not be given a copy of any Confidential Materials to take with him or her; and

    iii.  The actual or potential witness shall be provided a copy of this Protective Order and advised that it is applicable to him or her. Such actual or potential witness and his or her attorney shall be bound by this Protective Order requiring that Confidential Materials be held in confidence, and shall not disclose the Confidential Materials or any information derived from them to anyone who is not a Qualified Person within the meaning of this Protective Order.

  4.  In the event that any Confidential Materials or information derived therefrom are used in Court proceedings herein, such documents or information shall not lose their confidential status through such use.

  5.  Nothing herein shall be construed to affect in any way any party's right to object to the admissibility of any document, testimony, or other evidence at trial.

  6.  If a Party receives a subpoena or other court process that arguably calls for the production of Confidential Materials, that Party shall give the Producing Party at least 10 days notice before producing any such Confidential Materials.

  7.  Upon termination of this Action, counsel shall return all Confidential Materials and copies thereof to the Producing Party. No Confidential Materials, or information derived from them, may be used for any other purpose other than for this Action.

8. The designation of any document, information, or thing as Confidential under this Order is for purposes of this Protective Order only, and shall not be used for the purpose of interpretation of other legal or substantive issues raised in this Action apart from the application of this Order. Nothing in this Protective Order shall render private documents or data that is public under Minn. Stat. Chapter 13.

9. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

10. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

11. The obligations imposed by the Protective Order shall survive the termination of this Action. Within 60 days following termination, the parties shall return or destroy all Confidential materials.

12. Plaintiff's counsel shall not use information provided pursuant to this Protective Order to solicit business for themselves, or others.

13. **All prior consistent orders remain in full force and effect.**

14. **Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and**

**attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.**

Date: June 22, 2017              *s/ Tony N. Leung*
                                 Tony N. Leung
                                 United States Magistrate Judge
                                 District of Minnesota

                                 *Ferguson v. Thunder et al.*
                                 Case No. 17-cv-1110 (PJS/TNL)

# EXHIBIT A
# SAMPLE LOCAL RULE 5.6 GRID FOR CASES WITH U.S. MAGISTRATE JUDGE TONY N. LEUNG

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column | | | Nonparty that Designated Doc. Confidential (If Any) | Specific Reason Why Document Should Remain Sealed or Be Unsealed (it is insufficient to refer to a protective order) |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

For documents with confidential information spanning more than one category, a separate entry should be used for each category of information. For example, a memorandum contains both confidential financial records and medical records:

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column | | | Nonparty that Designated Doc. Confidential (If Any) | Specific Reason Why Document Should Remain Sealed or Be Unsealed (it is insufficient to refer to a protective order) |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *5, 8, 12-15, 23-25* | *X* | | | | *Confidential financial information.* |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *16-20, 26-27* | *X* | | | | *Confidential medical records.* |